**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Curtis L. Miller,                                                      Case No. 3:19 CV 2215

        Plaintiff,

  v.
                                                                       **ORDER**
Maureen Welch, *et al.,*

        Defendants.

*Pro se* Plaintiff Curtis L. Miller has filed a "civil rights complaint" in this case against Defendants Maureen Welch and the Village of Caledonia. (Doc. 1). In his complaint, the Plaintiff complains that Welch has "harassed and terrorized" him and his family "ever since [he] moved into his home over 9 years ago." (*Id.* at 1.) He generally complains about how she and other Village officials have enforced zoning regulations, contending they made a number of determinations and/or took actions adverse to him with respect to alleys and fences, and cabinets on his property. In addition, he contends that after he built a garage on his property in 2017, for which he paid for and obtained a variance, Welch "decided to terrorize and harass [him] again by claiming that [he] was never allowed to build the structure." (*Id.* at 2.) He disputes the validity of a zoning violation, signed by Welch, citing him for violating the 20 foot front yard setback requirement in connection with the garage, claiming Welch took this action to terrorize and harass him. He asserts this action "and all others have caused [him] extreme stress" (*id.* at 2), and asks the court to grant him "all the relief to which [he] may be entitled; including but not limited to ten million dollars." (*Id.* at 4.)

With his complaint, the Plaintiff has filed an application to proceed *in forma pauperis (*Doc. 2.) That application is granted. For the reasons stated below, however, his action is dismissed.

*Pro se* pleadings are entitled to liberal construction and are held to less stringent standards than formal pleadings drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). But "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state a claim, a *pro se* complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). The complaint's "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In addition, the complaint's allegations must be sufficient facts to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

The Plaintiff's complaint must be dismissed in accordance with § 1915(e)(2)(B). His alleged complaints about decisions made with respect to zoning, and of "harassment" by Welch, are insufficient to give the Defendants fair notice of what specific federal legal claims, if any, he is intending to assert against them.

The complaint does not cite or refer to any specific constitutional provision or other federal

civil rights law, and there are a number of legal claims that may be asserted in zoning cases. *See. e,g, Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1215-16 (6th Cir. 1992) (summarizing various federal zoning claims). The court cannot "explore exhaustively all potential claims" for the Plaintiff, or construct his claims for him. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 19885); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[l]iberal construction does not require a court to conjure allegations on a litigant's behalf").

On its face, the Plaintiff's complaint fails to allege a plausible federal civil rights claim upon which he may be granted relief.

**Conclusion**

It is therefore ordered that the Plaintiff's complaint is dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B). I further certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/James G. Carr
Sr. U.S. District Judge